# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ERIC WILSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07CV1055 ERW |
| JEREMIAH NIXON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Eric Wilson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous.

---

[1] Normally, a prisoner must submit a certified copy of his prison account statement so that the Court can calculate the amount of the initial filing fee. 28 U.S.C. § 1915(b). However, plaintiff states that St. Louis City Justice Center has refused to provide him with a copy of his prison account statement. For this reason, and because this action shall be dismissed prior to service of process on defendants, the Court will not order plaintiff to pay an initial filing fee.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against Jeremiah Nixon, the Attorney General for the State of Missouri, and the Missouri Board of Probation and Parole (the "Board"). Plaintiff alleges that in 2001, after he was released from prison, he participated in a court-ordered, long-term treatment program. Plaintiff claims that

after he completed the program he was placed on probation for two years. According to plaintiff, he was sentenced to a seven year prison term in February 2004 for stealing. Plaintiff alleges that the Board impermissibly used the fact that he participated in the long-term treatment program to enhance his 2004 prison sentence. Plaintiff seeks $500,000 in money damages.

## Discussion

The Board and its members are "absolutely immune from suit in carrying out their official duties in considering and deciding parole matters." Nelson v. Balazic, 802 F.2d 1077, 1078 (8th Cir. 1986). As a result, the complaint is legally frivolous as to the Board and should be dismissed.

As to defendant Nixon, the complaint is silent as to whether he is being sued in his individual or official capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case, the State of Missouri. The State of Missouri is immune from suit under the Eleventh Amendment to the United States Constitution. E.g., Williams v. State of

Missouri, 973 F.2d 599, 599-600 (8th Cir. 1992). Consequently, the complaint is frivolous as to Nixon and should be dismissed.

Additionally, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that Nixon was directly involved in or personally responsible for the alleged violations of his constitutional rights. For this reason as well, the complaint is frivolous as to Nixon and should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 12th Day of June, 2007.

*E. Richard Webber*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE